AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Texas

United States District Court
Southern District of Texas
**FILED**
FEB 17 2022
**Nathan Ochsner, Clerk**

| | | |
|---|---|---|
| United States of America<br>v.<br>Luis Angel Segura-Galvez (2002/US)<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No. M-22-0353-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 17, 2022__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 952 | Illegal Importation of a Controlled Substance / Approximately 5.14 Kilograms of Cocaine, a Schedule II Controlled Substance. |
| 21 USC § 963 | Conspiracy to Illegally Import a Controlled Substance / Approximately 5.14 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Complaint authorized by: AUSA Roberto Lopez, Jr.

/s/ Nicholas C. Stott
*Complainant's signature*

Nicholas C. Stott, HSI Special Agent
*Printed name and title*

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: February 17, 2022  7:54 PM

*Judge's signature*

City and state: McAllen, Texas

Hon. Nadia S. Medrano, U.S. Magistrate
*Printed name and title*

Attachment "A"

I, Nicholas C. Stott, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On February 17, 2022, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection Office of Field Operations at the Anzalduas Port of Entry (POE) in Mission, Texas. CBP Officers (CBPOs) detained Luis Angel Segura-Galvez (hereafter SEGURA), a United States Citizen, while attempting to enter the U.S. with approximately 5.14 kilograms of cocaine concealed within an aftermarket constructed concealed compartment located in the dashboard of the vehicle SEGURA was driving.

2. During primary inbound inspection, CBPOs obtained a negative oral declaration for fruits, food, alcohol, tobacco, drugs, weapons and currency over $10,000.00 from SEGURA. CBPOs referred SEGURA and the vehicle to secondary inspection for further inspection.

3. A CBP K-9 drug detection team conducted a free air inspection which resulted in a positive alert for the odor of controlled substance(s) emanating from the vehicle.

4. A physical search of the vehicle was conducted, and five cellophane and vacuum sealed packages, weighing approximately 5.14 kilograms, were discovered concealed within the dashboard of the vehicle. CBPOs field tested the substance inside the packages which was presumptive positive for the properties and characteristics of cocaine.

5. HSI Special Agents responded to the Anzalduas POE to assist in the investigation. HSI Special Agents interviewed SEGURA, who stated he was coming from Reynosa, Mexico to the United States to look for a job. SEGURA claimed ownership of the vehicle and stated he had purchased the vehicle approximately two months ago from an unknown person in Reynosa, Tamaulipas, Mexico. SEGURA claimed the only mechanical work conducted on the vehicle was on the suspension. After several inconsistent and admittedly false statements, SEGURA admitted the vehicle belonged to an unknown person in Mexico. SEGURA stated he was hired by the unknown person to pick up U.S. currency in the United States to transport it back to Mexico. SEGURA stated he initially suspected there were drugs contained within the vehicle when he accepted the job. SEGURA stated he knew there was an aftermarket compartment located within the vehicle. SEGURA stated he was being paid approximately $500.00 United States dollars per trip to cross the vehicle from Mexico into the United States.